Ricciardone, David, J.
The moving parties as well as the plaintiff appropriately cite Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), as controlling in considering these motions to dismiss (factual allegations of the pleading requires more than conclusions and must raise a right of relief above the speculative, assuming all the allegations are true). This standard is viewed in the larger context of Mass.R.Civ.P. Rule 8(a) and (e) that require only “a plain statement of the claim showing that the pleader is entitled to relief’ and that “each averment ... be simple, concise and direct,” respectively.
Applying these standards, after hearing I find as follows. Defendant Scott Little is alleged to have violated a duty of loyalty “in his role as employee,” further described as “Operations Manager/Senior Process Engineer.” Complaint ¶96 and ¶16. This is distinguished from defendant Chinmay Chatteijee (“President and Chief Executive Officer,” ¶14) and Nilu Chatteijee (“Treasurer and Director of the Board,” ¶ 15). Scott Little cannot be considered as having a position of “trust and confidence,” as opposed to the Chatteijees, which would not support a claim of breach of duty of loyalty even if the other facts pled are assumed to be true; Talentburst, Inc. v. Collabera, Inc., 567 F.Sup.2d 261 (D.Mass. 2008); nor can one glean any specific acts attributed to Scott Little actively aiding and abetting the Chatteijees to breach their fiduciary duties. Id.
With regard to Scott Little and the unjust enrichment claim, I also credit the argument that this amounts to notice that he failed to adequately perform his duties as an at-will employee who was paid a salary that he failed to earn. Assuming this to be true, the remedy is termination, and no new cause of action is created by the employer in this situation. Regarding the Chatteijees and the unjust enrichment claim, because one must assume that they were in fact in a position of fiduciaiy duty, the plaintiff has pled an adequate remedy at law (as opposed to unjust enrichment).
Regarding the conversion claims, I credit the position that, as to each defendant, assuming all facts to be true, there is no allegation of the taking of an actual tangible asset. “(I]nasmuch as the conversion must be of chattels, the burden is upon the plaintiff to prove that the property converted was personal property.” Massachusetts Practice, Prima Facie Proof and Defense, Richard W. Bishop, Thomson West, Fifth Edition, Vol. 17A, §31.1 Here also, assuming all other facts pled to be true, no personal property is alleged to have actually have been taken.
Finally, with regard to Scott Little at least, the count for civil conspiracy does not state a claim if there is no actionable wrongdoing that he “conspired” to undertake with any other defendant. Aetna Casualty Ins. Co. v. P&B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994).
With regard to the balance of the claims pled in the complaint, I conclude that the holding of Iannacchino, supra requires a finding of a least a “plausible suggestion" as to the various claims, assuming the facts to be true. Id. Going forward, an aggrieved party has a remedy under Rule 56.
Accordingly, defendant Scott Little’s motion to dismiss is allowed in its entirety, and Counts XV, XVI, XVII, and XVIII are dismissed.
Defendants Chinmay Chatterjee and Nilu Chatteijee’s motion to dismiss are allowed as to Conversion and Unjust Enrichment only, and Counts III, VI, XIII, and XII are dismissed.
Defendants Naples Marketing Systems, LLC and Acotrix, Inc.’s motions to dismiss are allowed as to Conversion only, and Counts XIX and XXII are dismissed.